UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 12 CR 459-1 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| JOSEPH MARIO MORENO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's motion to reduce sentence [600] is denied without prejudice for the reasons set forth below.

## STATEMENT

Joseph Mario Moreno moves for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Doc. 600. Moreno's sole ground for relief turns on the risks he faces of contracting and suffering adverse consequences from COVID-19 given his age (67 years old), his medical conditions, and the inherent dangers posed by the pandemic to individuals in custody. Docs. 600, 603, 606.

The motion is denied because Moreno does not argue, let alone demonstrate, that extraordinary and compelling reasons warrant a reduced sentence under Application Notes 1(A)-(C) of U.S.S.G. § 1B1.13, and because the court is not authorized to reduce his sentence on the ground set forth in Application Note 1(D). *See United States v. Rollins*, 99 CR 771-1, 2020 WL 3077593 (N.D. Ill. June 10, 2020). Even if the court were authorized to reduce Moreno's sentence on that ground, it would not find that extraordinary and compelling reasons exist under Note 1(D) given the substantial efforts the Bureau of Prisons has taken to address the risks posed by the pandemic and the lack of any documented COVID-19 cases at Moreno's facility, FPC Duluth. *See*, *e.g.*, *United States v. Garcia*, 2020 WL 2520923, at *1-2 (N.D. Ind. May 18, 2020) (noting that "there are no reported cases of COVID-19 at F[PC] Duluth"); *United States v. Gold*, 2020 WL 2197839, at *2 (N.D. Ill. May 6, 2020).

In the alternative, Moreno moves the court to recommend that Bureau release him to home confinement under 18 U.S.C. § 3621(b)(4) and § 12003(b)(2) of the CARES Act. Doc. 600 at 1. The Bureau has considerable discretion to determine whether Moreno—given his age, his medical conditions, the COVID-19 pandemic, and other pertinent factors—is an appropriate candidate for release to home confinement. *See* 18 U.S.C. § 3624(c). In the court's view, which

1

is merely advisory, *see United States v. Garza*, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020), it would be appropriate for the Bureau to exercise its discretion in Moreno's favor.

June 12, 2020

_____
United States District Judge